## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPTAIN GERRY SCOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-61 (RMC)** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

Gerry Scott, a D.C. Metropolitan Police officer, brought this suit against the District

of Columbia asserting that he was erroneously placed on leave without pay resulting in disciplinary

action. His suit alleges a claim under the First Amendment as well as various claims under state law.

The District moves to dismiss for failure to state a claim. Because the Complaint fails to state a

constitutional claim and because the D.C. Comprehensive Merit Protection Act ("CMPA"), D.C.

Code §§ 1-601.01 *et seq*., provides an exclusive remedy for the state law claims, the motion to

dismiss will be granted.

## I.  FACTS

Captain Scott alleges that while he was assigned as evening watch commander for the

second district, he discovered that his annual leave balance was low. Compl. ¶ 3.  Upon

investigation, he found that he had been placed on leave without pay ("LWOP") on various occasions

when he had actually been at work. *Id*. ¶ 4.  He alleges that he attempted to correct his work

attendance records but that he was unsuccessful and he was subjected to disciplinary action. *Id*.

¶¶ 6-8.  Based on these facts, Captain Scott brought a four count Complaint against the District of

Columbia alleging the following causes of action:

> Count I – violation of the First Amendment via 42 U.S.C. § 1983;
>
> Count II – breach of contract;
>
> Count III – negligence; and
>
> Count IV – intentional infliction of emotional distress.

Compl. ¶¶ 11-27.[1]  Captain Scott seeks both compensatory and punitive damages.

The Complaint was filed in D.C. Superior Court on December 9, 2008, and the District removed the case to this Court on January 12, 2009.  The District now moves to dismiss for failure to state a claim; Captain Scott opposes.  As explained below, the motion to dismiss will be granted.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must be sufficient "to give a defendant fair notice of the claims against him."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at

---

[1] In its opening paragraph, the Complaint states, "Now comes Captain Gerry Scott . . . with a complaint alleging violations of (1) First Amendment; (2) Fourth Amendment; (3) Abuse of Process; (4) Malicious Prosecution; (5) Breach of Contract; and (6) Intentional Infliction of Emotional Distress."  Because the body of the Complaint does not articulate Fourth Amendment, abuse of process, or malicious prosecution claims, or facts that might support such claims, the Court treats the inclusion of these claims as inadvertent error and disregards them.

1964-65 (internal citations omitted).  Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief.  *Id.* at 1965 n.3.

In considering a motion to dismiss, a court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 1965, and must draw all reasonable inferences in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003).  Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "[A] complaint needs *some* information about the circumstances giving rise to the claims."  *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).  Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 127 S. Ct. at 1968-69.

## III.  ANALYSIS

Captain Scott asserts that he is entitled to relief under 42 U.S.C. § 1983 due to the District's alleged violation of his rights under the First Amendment to the U.S. Constitution.  To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendant, acting under color of state or D.C. law, deprived the plaintiff of a right secured by the

Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). For any action under § 1983, a court must address the threshold question of "whether the plaintiff has alleged the deprivation of a constitutional right at all." *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979).

In order to state a claim for retaliation in violation of the First Amendment, a plaintiff must prove: (1) that he is a public employee who spoke as a citizen on a matter of public concern; (2) that his interest under the First Amendment is not outweighed by the government's interest in promoting efficient public service; (3) that his speech was a substantial or motivating factor for the denial of a right or benefit; and (4) that the government would not have reached the same conclusion absent the protected conduct. *Wilburn v. Robinson*, 480 F.3d 1140, 1149 (D.C. Cir. 2007); *see also Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

The only speech that Captain Scott mentions in his Complaint is a grievance he filed challenging the erroneous time entries.[2] However, expressions of personal dissatisfaction by a discontented employee do not amount to matters of public concern. *Murray v. Gardner*, 741 F.2d 434, 438 (D.C. Cir. 1984); *see also Connick v. Myers*, 461 U.S. 138, 145 (1983) (district attorney who circulated a document complaining about office management and objecting to her transfer was not speaking on a matter of public concern). The facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual

---

[2] The Complaint implies that he filed a grievance as follows: "Although his complaint involved his command structure's failure to properly maintain his record, his immediate commander investigated his complaint that the stress caused by the situation was a duty related injury." Compl. ¶ 8.

allegations.  *Browning*, 292 F.3d at 242.  The accuracy of Captain Scott's time entries is not a matter

of public concern.  Because the Complaint fails to state a claim under the First Amendment, the First

Amendment claim must be dismissed.  Without a constitutional claim, Captain Scott has failed to

state a § 1983 claim.[3]

The remaining counts of the Complaint, alleging breach of contract, negligence, and

intentional infliction of emotional distress, all arise from an employment dispute concerning the

alleged erroneous LWOP records.  These claims must be dismissed due to failure to exhaust

administrative remedies because they are governed by the CMPA , D.C. Code §§ 1-601.01 *et seq*.

The CMPA establishes a merit personnel system for District employees through which employee

grievances and adverse personnel actions are handled.  *Id*. § 1-605.02.  The CMPA covers

"grievances" which include "any matter under the control of the District government which impairs

or adversely affects the interest, concern, or welfare of employees." *Id*. § 1-603.01(10).  The CMPA

was intended "to create a mechanism for addressing virtually every conceivable personnel issue"

between the District and its employees.  *Lattisaw v. District of Columbia*, 905 A.2d 790, 793 (D.C.

2006).  "With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public

---

[3] Plaintiff's opposition to the motion to dismiss attempts to assert another constitutional claim by alleging that the "seizure of his earned leave . . . [runs] afoul of his Fourth Amendment Property Rights."  Pl.'s Opp'n at 7.  The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.  The amendment establishes "rules and presumptions designed to control conduct of law enforcement officers that may significantly intrude upon privacy interests." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001).  It simply does not apply to Captain Scott's workplace grievance seeking correction of his time records.  Further, even if Captain Scott had stated a constitutional claim, he has not stated a § 1983 claim.  In order to state a § 1983 claim against a municipality, a plaintiff must assert that the municipality, through an official custom, practice, or policy, caused the alleged constitutional violation.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978); *Triplett v. Dist. of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).  Captain Scott has made no such allegation.

employee who has a work-related complaint of any kind." *Baker v. District of Columbia*, 785 A.2d 696, 697 (D.C. 2001).  Thus, "when tort claims are predicated upon conduct that may be a proper subject of a grievance under the CMPA," the CMPA precludes litigation until administrative remedies are exhausted.  *Washington v. Dist. of Columbia*, 538 F. Supp. 2d 269, 279 (D.D.C. 2008).  In *Washington*, the court dismissed claims for defamation and emotional distress due to the plaintiffs' failure to exhaust such claims under the CMPA.  *Id*. at 279-80.

Captain Scott is a D.C. employee subject to the CMPA, and his claim concerning the erroneous reporting of his time records is a work-related grievance that falls under the CMPA.  Because Captain Scott failed to exhaust his administrative remedies under the CMPA, his claims for breach of contract, negligence, and intentional infliction of emotional distress will be dismissed.[4]

In his opposition to the motion to dismiss, Captain Scott contends that the motion to dismiss is an improper "collateral attack" and that the Complaint sufficiently sets forth the claims for relief.  Pl.'s Opp'n [Dkt. # 5] ¶¶ 16 & 19.  As explained above, the Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Complaint does not assert that Captain Scott was retaliated against based on speech related to a

---

[4] Some courts have not required a plaintiff to exhaust administrative remedies where the plaintiff seeks punitive damages, reasoning that an administrative remedy would not be adequate. *See, e.g.*, *Crockett v. D.C. Metro. Police Dep't*, 293 F. Supp. 2d 63, 67 (D.D.C. 2003); *but see Payne v. Dist. of Columbia*, Civ. No. 08-163, 2008 WL 5401532, *8 (D.D.C. Dec. 30, 2008) (mere demand for punitive damages does not show CMPA's procedures are inadequate).  While the Complaint in this case asserts a claim for punitive damages, such damages are generally not available against the District.  *Feirson v. Dist. of Columbia*, 315 F. Supp. 2d 52, 57 (D.D.C. 2004) (a plaintiff cannot recover punitive damages against the District on a § 1983 claim); *Barnes v. Gorman*, 536 U.S. 181, 187 (2002) (punitive damages are not available for breach of contract); *Butera v. Dist. of Columbia*, 235 F.3d 637, 658 (D.C. Cir. 2001) (punitive damages are generally unavailable against municipalities such as the District of Columbia except where there are extraordinary circumstances).  Captain Scott's conclusory demand for punitive damages does not exempt him from the requirements of administrative exhaustion.

matter of public concern and thus does not state a First Amendment claim.  Also, the exclusive remedy for Captain Scott's complaint about his LWOP time entries lies under the CMPA, and not under state law regarding breach of contract or tort.

Captain Scott further opposes the motion to dismiss by claiming that the District should be defaulted for failure to timely respond to the Complaint.  Plaintiff contends that he properly served the District on December 12, 2008, and that the District should have responded by December 31, 2008.  The District did not respond to the Complaint until it removed the case to this Court on January 12, 2009, and filed a motion to dismiss on January 21, 2009.

Plaintiff erroneously assumes that the District's response to the Complaint was due 20 days after service.  Pursuant to the rules of the District of Columbia Superior Court, the District had 60 days to answer after service.  SCR-Civil 12(a)(3)(A).  And by statute, the District had 30 days to remove the case to federal district court. 28 U.S.C. § 1446(b).  The District received the Summons and Complaint on December 12, 2008 and removed the case to this Court within 30 days, on January 12, 2009.  Default for lack of timely response is not warranted.

Moreover, the District points out that while it received the complaint on December 12, service was not proper under the applicable Superior Court rules.  Under those rules, service on the District of Columbia is achieved by delivering a copy of the summons and complaint to the Mayor (or  designee) and to the D.C. Office of the Attorney General (or designee).  SCR-Civil 4(j)(1).  Captain Scott did not personally serve either the Mayor or the D.C. Attorney General. Instead, he sent the Summons and Complaint by certified mail.  Where certified mail is permitted, service must comply with all other provisions of Rule 4, *see* SCR-Civil 4(*l*), and thus if the return receipt is not signed by the party named in the summons, the affidavit for certified mail must include "specific facts from which the Court can determine that the person who signed the receipt meets the

-7-

qualifications for receipt of process." SCR-Civil 4(*l*)(2). Thus, to show proper service, Captain Scott would have to show that the Mayor and the D.C. Attorney General, or their respective designees, signed the return receipts. "M. Smith" signed the return receipt on behalf of the Mayor; no one by that name is designated to receive service on the Mayor's behalf. *Compare* Pl.'s Opp'n Ex. 2 *with* Def.'s Reply, Ex. A. "M. Anderson" signed the return receipt on behalf of the Attorney General; no one by that name is designated to receive service on the D.C. Attorney General's behalf. *Compare* Pl.'s Opp'n Ex. 3 *with* Def.'s Reply, Ex. B.

Default cannot be entered where there was insufficient service of process. Although default may be entered upon a defendant's failure to plead or otherwise defend, Fed. R. Civ. P. 55(a), a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint. Fed. R. Civ. P. 12(a). Because service on the District was not sufficient, its obligation to plead or otherwise respond had actually not arisen. Even so, the District removed the case to federal court within the appropriate 30-day removal period and shortly thereafter moved to dismiss. Default is not proper under these circumstances.

## IV.  CONCLUSION

For the foregoing reasons, the District's motion to dismiss [Dkt. # 2] will be granted and this case will be dismissed. A memorializing order accompanies this Memorandum Opinion.

Date:   February 20, 2009            _____/s/_____
                                      ROSEMARY M. COLLYER
                                      United States District Judge